UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV-17-3094-MWF (JEMx)	Date: November 8, 2017
Title:	Star Fabrics Inc. v. Intro Fabric Inc. et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DISMISSING ACTION

On April 25, 2017, Plaintiff filed a Complaint against Intro Fabric, Inc. ("Intro"), L'Patricia (a business entity of a form unknown to Plaintiff), Iberia Fashion, LLC ("Iberia"), and SW Group, LLC ("SW Group"), and Doe Defendants. (Docket No. 1). On May 8, 2017, Plaintiff voluntarily dismissed its claims against Intro. (Docket No. 9). Plaintiff has not filed any proof of service as to L'Patricia and L'Patricia has not appeared in this case. On October 12, 2017, Plaintiff filed a Notice of Settlement of Certain Claims, indicating that it had reached a settlement with Iberia and SW. (Docket No. 21). On that day, the Court issued an Order directing Plaintiff to show cause, in writing, by October 30, 2017, why the action should not be dismissed for lack of prosecution. (Docket No. 23) (the "OSC"). The Court indicated that, as to L'Patricia an appropriate response would consist of: a) proof of service of the Summons and Complaint; b) an answer or response to the Complaint by L'Patricia; or c) an application for entry of default pursuant to Federal Rule of Civil Procedure 55(a). (*Id.*). As to Iberia and SW, the Court indicated that an appropriate response would be a stipulated dismissal. The Court warned that failure to timely respond would result in dismissal of the action. (*Id.*).

Plaintiff has not responded to the OSC as ordered. Accordingly, this action is **DISMISSED** *with prejudice*.

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-17-3094-MWF (JEMx) | Date: November 8, 2017 |
| Title: Star Fabrics Inc. v. Intro Fabric Inc. et al. | |

district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for failure to prosecute and failure to comply with the OSC is warranted. Accordingly, the action is **DISMISSED** *with prejudice*.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.